STATE OF MAINE                                  SUPERIOR COURT
LINCOLN, SS.                                     Civil Action
                                                Docket No. CV-2012-16


OSPREY LANDING, LLC,            )
                Plaintiff,      )
                                )
                                )
                                )
        v.                      )        **ORDER ON DEFENDANT'S**
                                )        **MOTION FOR PARTIAL**
                                )        **SUMMARY JUDGMENT**
                                )
FIRST AMERICAN TITLE            )
INSURANCE COMPANY,              )
                Defendant.      )


Pending before the court is the Defendant's Motion for Partial Summary Judgment. The motion has been fully briefed and the court has decided seperately a number of procedual motions concerning the summary judment record. There being no disputes of material fact, and for the reasons stated below, the Defendant's Motion for Partial Summary Judgment is GRANTED.

The Defendant's obligation to participate in the prosecution of the Plaintiff's claims against the Blevins ceased as of the date of the Court's Order of November 13, 2013 on the cross-motions for summary judgment. In the June 26, 2013 Order on the cross-motions for summary judgment in this case, the court found that the Defendant's duty to prosecute Osprey Landing's affirmative claims was generated by the affirmative defense of abandonment raised by the Blevins. The court's November 13, 2013 order establishes that, at that point, no claim of abandonment was being made in that case. Once the aspect of a case that triggers an insurer's duty to participate in a case is removed from the case, the insurer no longer has an ongoing duty to defend.

In addition, the claim of administrative estoppel made at trial by the Blevins does not trigger coverage. The insurance policy at issue in this case excludes coverage for title defects "created, suffered, assumed or agreed to by the insured claimant." Because the claim of administrative estoppel is premised on actions alleged to have been taken by Osprey Landing alone, the claim is excluded from coverage.

For these reasons, the Defendant's obligation to contribute to the attorney's fees and costs associated with the prosecution of Osprey Landing's action against the Blevins ended on November 13, 2013. The Defendant's responsibility for attorney's fees and costs prior to November 13, 2013 shall be determined in accordance with this order. If this matter is not resolved by agreement, it is anticipated that the court will conducted an evidentiary hearing during June 2017 to establish the amount owed to the Plaintiff by the Defendant. The parties are allowed until May 19, 2017 to file requests for protection for any date between June 8, 2017 and June 30, 2017. The clerk is directed

1

to schedule a pre-trial conference on June 8, 2017. Counsel may participate in that conference by phone.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: April 4, 2017

JUSTICE, MAINE SUPERIOR COURT
Daniel Billings

OSPREY LANDING LLC VS FIRST AMERICAN TITLE INSURANCE COMPANY
UTN:AOCSsr  -2012-0058444                      CASE #:WISSC-CV-2012-00016

---

| OSPREY LANDING LLC | PL |
|---|---|

ATTY EDWARDS, JEFFREY  Tel# (207) 791-3000
ATTY ADDR:ONE CITY CENTER PO BOX 9546 PORTLAND ME 04112-9546
ATTY SCHUTZ, SIGMUND D.    Tel# (207) 791-3000
ATTY ADDR:ONE CITY CENTER PO BOX 9546 PORTLAND ME 04112-9546

| FIRST AMERICAN TITLE INSURANCE COMPANY | DEF |
|---|---|

ATTY DRISCOLL, PAUL F.    Tel# (207) 774-7000
ATTY ADDR:TWO CANAL PLAZA PO BOX 4600 PORTLAND ME 04112-4600
ATTY POLIQUIN, JAMES D.    Tel# (207) 774-7000
ATTY ADDR:TWO CANAL PLAZA PO BOX 4600 PORTLAND ME 04112-4600